James J. Belanger (011393)
**COPPERSMITH SCHERMER & BROCKELMAN PLC**
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
(602) 224-0999
jbelanger@csblaw.com

*Attorneys for Defendant Nasser U. Abujbarah*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LARRY E. SMITH and<br>JOHNETTE E. SMITH,<br><br>                Debtors.<br><br>UNITED STATES TRUSTEE and<br>EDWARD J. MANEY,<br>Chapter 13, Trustee,<br><br>                Plaintiffs,<br><br>v.<br><br>NASSER U. ABUJBARAH,<br><br>                Defendant. | CHAPTER 11<br><br>Case No. 2:09-bk-21133-RTB<br><br>Adv. No. 2:10-ap-00988-RTB<br><br>**ANSWER TO AMENDED COMPLAINT FOR SANCTIONS AGAINST NASSER U. ABUJBARAH** |

      Defendant, Nassser U. Abujbarah, responds as set forth below. Generally, however, any allegation not expressly admitted is denied:

**I. JURISDICTION AND PARTIES**

    1.    Admit.

    2.    Admit.

    3.    This is a legal conclusion, which Defendant neither admits nor denies.

    4.    This is a legal conclusion, which Defendant neither admits nor denies.

    5.    Defendant admits that Mr. Maney filed an application for an order to show cause against Mr. Abujbarah in which he sought sanctions. Defendant further admits the

parties agreed to consolidate that application with this adversary proceeding. Defendant admits that the Court approved the stipulation of the parties.

6. Admit.

7. Admit.

8. Admit.

## II. GENERAL

9. Admit.

10. Defendant admits that *In re Almanza*, case no. 2-09-bk-11882-SSC, was filed on May 29, 2009. Defendant admits that the case was dismissed on October 7, 2009.

11. Admit.

12. Admit.

13. Deny.

14. Defendant admits that for a period of time he was under contract to provide legal services to Sellectricon. Defendant admits that in certain bankruptcy cases he filed responses on behalf of clients of Sellectricon and billed Sellectricon for such services.

15. Deny.

16. Defendant denies the allegation in the first sentence in paragraph 16. Regarding the balance of the allegations in paragraph 16, the documents speak for themselves.

17. Defendant neither admits nor denies this allegation as the document speaks for itself.

18. Defendant admits that he did not appear at a meeting of creditors in Tucson on March 11, 2010, in *In re Ventura* (4-09-bk-32134-JMM).

19. Deny.

20. Defendant admits that he had pending Chapter 11 cases in August of 2009, and thereafter. Defendant admits that applications for employment in certain bankruptcy cases were filed after communications with the Office of the United States Trustee.

21. Regarding any alleged statement in open court, the record in whatever case is being referred to will speak for itself. After consultation with the United States Trustee, Defendant did place retainers he received from Sellectricon clients into trust and filed applications for compensation. In no instances where retainers in Chapter 11 cases have been erroneously applied has defendant failed to provide reasonably equivalent and compensable value for services rendered.

22. Defendant admits that the United States Trustee conducts an initial debtor interview in Chapter 11 cases. Defendant admits that before the initial debtor interview, correspondence is sent to the debtor's attorney regarding issues to be discussed and documents to be produced at the initial debtor's interview. Defendant denies the remaining allegations in paragraph 22.

23. Local Rule 9011-1 speaks for itself. Upon information and belief, Local Rule 9011-1 was adopted because attorneys in the federal system do not need to be admitted to the State Bar of Arizona in order to practice in federal court or in bankruptcy court. There has historically been conflict with certain lawyers who ostensibly were not subject to the jurisdiction of the State Bar of Arizona if in fact there was misconduct in Arizona's federal district and bankruptcy courts. Upon information and belief, this rule was adopted to make clear that lawyers who are not admitted to the State Bar of Arizona subject themselves to the jurisdiction of the State Bar of Arizona if they appear and file pleadings in the United States Bankruptcy Court in the District of Arizona.

24. The Arizona Rules of Professional Conduct speak for themselves. Defendant admits that the first petition in bankruptcy filed on behalf of a client was in a Chapter 11 case. Defendant admits that he was initially inexperienced in Chapter 11 proceedings. The application to employ defendant speaks for itself. Defendant denies the remaining allegation in paragraph 24.

25. Deny.

26. The Arizona Rules of Professional Conduct speak for themselves. Defendant denies the remaining allegations of paragraph 26.

27. Deny.

28. Deny.

29. Defendant admits that on May 22, 2009, he filed a pleading *In re Hernandez* (2-09-bk-03247-SSC). That document speaks for itself. The balance of the allegations in paragraph 29 appear to be legal arguments or conclusions, which Defendant denies.

30. Defendant admits that he filed an objection to motion for relief from the automatic stay in *In re Khamis* (2-09-bk-02344-RTB). The document speaks for itself. Defendant denies the remaining allegations in paragraph 30.

31. The allegation in paragraph 31 appears to be argument and is too lacking in specificity to admit or deny. Defendant, therefore, denies the allegations in paragraph 31.

32. Defendant admits he filed a pleading in *In re Neiswender* (2-09-bk-18916-CGC). The document speaks for itself. Defendant denies the remaining allegations in paragraph 32.

33. The pleadings filed in various of Defendant's bankruptcy cases speak for themselves. The allegations in paragraph 33 are too lacking in specificity to admit or deny. Defendant, therefore, denies them.

34. Defendant admits that he filed a response to a motion to lift stay in *In re Rundle*. The response speaks for itself.

35. The allegations in paragraph 35 appear to be argument. Defendant admits he has filed disclosures of compensation in Chapter 11 cases. To the extent documents or court testimony are referred to in paragraph 35, the documents and transcripts of the testimony speak for themselves. Defendant denies the remaining allegations in paragraph 35.

36. Admit.

37. Defendant is without sufficient information to admit or deny the allegations in paragraph 37 and, therefore, denies them.

38. Defendant is without sufficient information to admit or deny the allegations in paragraph 38 and, therefore, denies them.

39. Defendant is without sufficient information to admit or deny the allegations in paragraph 39 and, therefore, denies them.

40. Defendant is without sufficient information to admit or deny the allegations in paragraph 40 and, therefore, denies them.

41. Defendant is without sufficient information to admit or deny the allegations in paragraph 41 and, therefore, denies them.

42. Defendant is without sufficient information to admit or deny the allegations in paragraph 42 and, therefore, denies them.

43. Defendant is without sufficient information to admit or deny the allegations in paragraph 43 and, therefore, denies them.

44. Defendant admits that he billed Sellectricon for services provided to Sellectricon's clients. To the extent any documents are referenced in paragraph 44, the documents speak for themselves.

45. Although Defendant did receive compensation from Sellectricon, he only discussed the case and rendered advice directly to the client.

46. Defendant admits that he billed Sellectricon in certain bankruptcy cases for services rendered to Sellectricon's clients. Defendant lacks information to know whether Sellectricon paid Defendant with funds received from customers prior to bankruptcy filings. Defendant denies that through April 19, 2010, every retainer received by Defendant in a Chapter 11 case came from Sellectricon. Defendant denies the remaining allegations in paragraph 46.

47. Deny.

48. Deny.

49. Defendant is without sufficient information to admit or deny the allegation that Sellectricon referred its customers to Beverly Hall to prepare petitions, schedules and statements, as well as Chapter 13 plans to be filed in bankruptcy and, therefore, denies

them. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 49 and, therefore, denies them.

50. Defendant denies the first allegation in paragraph 50. Regarding the notice of appearance in the *In re Khamis* case, the document speaks for itself.

51. Defendant admits that he assisted in drafting forms and bankruptcy worksheets for Sellectricon.

52. Defendant lacks information to assess the truthfulness of the allegation in paragraph 52 and, therefore, denies it.

53. Deny.

54. Deny.

55. Defendant did include Sellectricon in certain proposed Chapter 13 case plans as an administrative claimant, although said claims were never paid.

56. Defendant lacks sufficient information to determine the truthfulness of the allegation in paragraph 56 and, therefore, denies it.

57. Paragraph 57 contains a legal conclusion. 11 U.S.C. § 503 speaks for itself.

58. Deny.

59. The Arizona Rules of Professional Conduct speak for themselves. Defendant admits that he was employed by Sellectricon. Defendant denies the remaining allegations in paragraph 59.

60. Deny.

61. Deny.

62. Defendant denies the allegations in paragraph 62 except that there is password accessible information located at www.principalreduction portal.com.

63. The Arizona Rules of Professional Conduct speak for themselves.

64. Deny.

65. Defendant admits that he received correspondence from the United States Trustee's Office on March 10, 2010, and that he responded. The letters speak for themselves. Defendant admits he filed additional cases through April 19, 2010.

| | | |
|---|---|---|
| 1 | 66. | Deny. |
| 2 | 67. | Admit. |
| 3 | 68. | Admit. |
| 4 | 69. | Admit. |
| 5 | 70. | Admit. |
| 6 | 71. | Admit. |
| 7 | 72. | Admit. |
| 8 | 73. | Admit. |
| 9 | 74. | Admit. |
| 10 | 75. | Admit. |
| 11 | 76. | Admit. |
| 12 | 77. | Admit. |
| 13 | 78. | Deny. |
| 14 | 79. | Deny. |
| 15 | 80. | Admit. |
| 16 | 81. | Deny. |
| 17 | 82. | Deny. |

18    83.    Defendant lacks sufficient information to determine the truthfulness of the
19 allegations and, therefore, denies them.

20    84.    Admit.
21    85.    Deny.
22    86.    Deny.
23    87.    Deny.

24    88.    Defendant admits that to the extent he made any errors, omissions,
25 misrepresentations or other defalcations, they were negligent. Defendant denies that any
26 of his conduct was intentional.

27    89.    Defendant admits the allegations of paragraph 89 except denies that any of
28 his conduct was intentional.

90. Admit.

91. Admit.

Any allegation not expressly admitted in this answer is denied.

WHEREFORE, Defendant respectfully requests that the relief sought by Plaintiffs be denied, and that the Court fashion what relief it deems to be appropriate under the circumstances.

RESPECTFULLY SUBMITTED August 20, 2010.

**COPPERSMITH SCHERMER & BROCKELMAN PLC**

By s/ James J. Belanger
James J. Belanger
*Attorneys for Defendant Nasser U. Abujbarah*

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

s/ Sheri McAlister